# United States District Court
# Central District of California

| | |
|---|---|
| CRAIG ROSS; NATALIE OPERSTEIN,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>P. TIMOTHY WHITE, et al.,<br><br>　　　　　Defendants. | Case № 2:17-cv-04149-ODW-JC<br><br>**ORDER GRANTING, IN PART, AND DENYING IN PART, PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER [165]** |

## I. INTRODUCTION

Plaintiffs Craig Ross and Natalie Operstein brought suit alleging several causes of action against over 50 defendants (collectively "Defendants"). (ECF No. 1.) Defendants answered Operstein's Second Amended Complaint ("SAC") on May 7, 2018, and asserted twelve affirmative defenses.[1] (ECF No. 148.) Operstein now moves to strike Defendants' entire Answer or alternatively their twelve affirmative defenses. (ECF No. 166.) For the reasons discussed below, the Court **GRANTS in**

---

[1] Though Defendants' Answer is titled "Answer to First Amended Complaint" the Court construes this title as a thoughtless oversight by Defendants and treats the answer as a response to Plaintiff's SAC because it was filed after the Court ruled on Defendants' Motion to Dismiss addressing the SAC. This mistake seems to indicate that Defendants may not have even addressed Plaintiffs' current complaint and therefore puts the Court on notice that Plaintiff's Motion to Strike is most likely justified

**PART** and **DENIES in PART** Plaintiff's Motion to Strike.[2]

## II. FACTUAL & PROCEDURAL BACKGROUND

The Court has addressed the factual allegations and procedural history relevant to this case on several prior occasions, and incorporates the discussion from the Court's Order granting in part, Defendants' Motion to Dismiss here by reference. (ECF No. 146.)

## III. DISCUSSION

Operstein moves to strike Defendants' entire Answer or alternatively all twelve of Defendant's affirmative defenses. (ECF No. 166.)

### A. Rule 7-3 Violation

Defendants claim that Plaintiff failed to comply with Local Rule 7-3. (Defs.' Response to Pl.'s Mot. to Strike the Answer ("Response") 2, ECF No. 199.)

According to Local Rule 7-3:
> In all cases . . . counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, the counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

It is within the Court's discretion to refuse to consider a motion based on a party's noncompliance with Local Rule 7-3. *CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) (citation omitted). However, failure to comply with Local Rule 7-3 "does not automatically require the denial of a party's motion." *Id.* This is particularly true where the non-moving party has suffered

---

[2] After carefully considering the papers filed in connection with the instant Motions, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

no apparent prejudice as a result of the failure to comply. *Id.*

While the Court could deny Plaintiff's motion solely based on Plaintiff's noncompliance, the Court declines to issue such a drastic sanction at this time. However, the Court reminds Operstein of her duty to comply with the Local Rules, and her failure to do so in the future will result in sanctions. The Court therefore proceeds to consider the merits of Plaintiff's Motion.

### B. Plaintiff's Motion to Strike the Answer as Untimely

Pursuant to the Federal Rules of Civil Procedure, "it is within the court's discretion to strike an untimely answer." *Kirola v. City and Cty. of San Francisco*, No. 07-3685-SBA, 2011 WL 89722, *3, (N.D. Cal. Jan 11, 2011). Under Rule 12(a)(4)(A), "if the court denies [a] motion . . . the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). Therefore, an answer is considered untimely filed when the pleader fails to adhere to Rule 12 and does not obtain from the Court an extension of time or leave to file the pleading late. Fed. R. Civ. P. 12. "Courts generally disfavor motions to strike, however, because they propose a drastic remedy." *Canady v. Erbe Elektromedizin GmBH*, 307 F. Supp. 2d 2, 7 (D.D.C. 2004).

Here, the Court denied in part the motion to dismiss Operstein's SAC on April 20, 2018, providing Defendants with the opportunity to respond to Operstein's amended complaint no later than May 4, 2018. (ECF No. 146.) Thereafter, Defendants answered Operstein's SAC three days past the filing deadline; on May 7, 2018. (ECF No. 148.) Based on this three day oversight, Operstein requests that the Court strike Defendants' entire Answer. (ECF No. 166.) Yet, Operstein fails to provide any evidence of prejudice or harm caused by Defendant's untimely filing. Considering that "a case should, whenever possible, be decided on the merits," the Court uses its discretion to **DENY** Plaintiff's Motion to strike Defendants' Answer. *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

**C.     The Court Grants Plaintiff's Motion to Strike Defendants' Affirmative Defenses with Leave to Amend**

*1. Legal Standard*

Under Federal Rule of Civil Procedure 12(f), "a Court may strike affirmative defenses . . . if they present an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) (internal quotations omitted) (citing Fed. R. Civ. P. 12(f)). "[T]he function of a 12(f) motion is to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Nevertheless, 12(f) motions are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Thus, as long as the opposing party is not prejudiced, courts freely grant leave to amend stricken defenses. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2).

Motions to strike are appropriate when an affirmative defense is insufficient as a matter of law or as a matter of pleading. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *Ross v. Morgan Stanley Smith Barney, LLC*, No. 2:12-CV-09687-ODW, 2013 WL 1344831, at *1 (C.D. Cal. Apr. 2, 2013). An affirmative defense is insufficient as a matter of law when the court is "convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Ganley v. Cty. of San Mateo*, No. 06–3923, 2007 WL 902551, at *1 (N.D. Cal. Mar. 22, 2007) (quoting *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1999)). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827. Fair notice generally requires that the defendant state the nature and

grounds for the affirmative defense, but a detailed statement of facts is not required. *Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 468 (S.D. Cal. 2013).

In the Ninth Circuit, it is not entirely clear whether the heightened pleading standard of *Twombly/Iqbal* applies to affirmative defenses. *See, e.g.*, *Kohler*, 291 F.R.D. at 468 (discussing that "the *Twombly/Iqbal* pleading standard for affirmative defenses . . . [is currently] unresolved."). While district courts are split on this issue, most have found that the heightened pleading standard applies to affirmative defenses. *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 10-945 CW, 2012 WL 1746848, at *4 (N.D. Cal. 2012) (collecting cases). Therefore, absent further direction from the Supreme Court or the Ninth Circuit, the Court will apply the *Twombly/Iqbal* standard to affirmative defenses. *See, e.g.*, *Ross*, 2013 WL 1344831, at *1–3 (interpreting *Iqbal* and *Twombly* to apply to affirmative defenses). "Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." *Barnes*, 718 F. Supp. 2d at 1172 (internal quotations omitted) (citing *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009)).

*2. Application*

a. <u>Improper Attack on Plaintiff's Prima Facie Case</u>

Defendants First Affirmative Defense alleging that the Complaint "fails to state a claim upon which relief can be granted" attacks Operstein's prima facie case. (Defs.' Answer to First Am. Compl. ("Answer") ¶ 56, ECF No. 148.) An affirmative defense is improper if it "is merely [a] rebuttal against the evidence presented by the plaintiff." *Barnes*, 718 F. Supp. 2d at 1173; *see also Zivkovic v. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof [as to an element plaintiff is required to prove] is not an affirmative defense."). Thus, defenses that simply attack or deny Operstein's prima facie case are not affirmative defenses and should be stricken. *See Zivkovic*, 302 F.3d

at 1088. Therefore, the Court **STRIKES** Defendants' First Affirmative Defense without leave to amend.

        b. <u>Insufficient Fair Notice</u>

Defendants acknowledge that all twelve of their affirmative defenses provide insufficient fair notice and request leave to amend. (Response 3:2–3.) Thus, the Court **GRANTS** Plaintiff's Motion to Strike for affirmative defenses 2 through 12, with 30 days leave to amend.

Since the Court grants leave to amend these affirmative defenses, the Court does not consider the Plaintiff's arguments in detail at this juncture. Still, Defendants should address Operstein's concerns in their amended answer. Specifically, Defendants' affirmative defenses numbered 2, 6, 8, 9, and 12, seem suspect. Plaintiff contends that Defendants' Second and Eleventh Affirmative Defenses are barred under the law of the case doctrine. (Mot. to Strike 18, 29.) And, the Sixth, Eight, and Ninth Affirmative Defenses seem inapplicable to the claim in question, without further allegations. (Answer ¶¶ 61, 63, 64; *see also* Mot. to Strike 23–28.)

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike (ECF No. 165) is **GRANTED in PART** and **DENIED in PART.** The Court:

- **DENIES** Plaintiff's Motion to Strike Defendant's entire Answer for untimely filing;
- **STRIKES** Defendants' Affirmative Defenses numbered 2 through 12, with 30 days leave to amend. Defendants shall file their amended answer on or before **August 10, 2018**; and

///
///
///
///
///

- **STRIKES** Defendants' First Affirmative Defense without leave to amend.

**IT IS SO ORDERED.**

July 11, 2018

                                                      _____
                                                           **OTIS D. WRIGHT, II**
                                                **UNITED STATES DISTRICT JUDGE**