# United States District Court
# Central District of California

| | |
|---|---|
| CRAIG ROSS, et al.<br><br>     Plaintiffs,<br><br> v.<br><br>TIMOTHY P. WHITE, et al.,<br><br>     Defendants. | Case № 2:17-cv-04149-ODW (JC)<br><br>**ORDER GRANTING DEFENDANT KAMALA D. HARRIS' MOTION FOR RELIEF FROM DEFAULT; AND DISMISSING CLAIM [170, 172]** |

## I. INTRODUCTION & BACKGROUND

Defendants include over 50 state employees, ranging from the governor to employees of California State University Fullerton. Pro se plaintiffs Natalie Operstein and Craig Ross claim to have served Defendant, and Senator Kamala D. Harris. Harris seeks relief from default on the grounds that service was improper, and also urges the Court to dismiss Operstein's claim against her for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs Craig Ross and Natalie Operstein are husband and wife. Operstein was a professor at California State University Fullerton, and most of her claims derive from Fullerton's decision not to promote her to a tenured position. Ross asserted claims,

which the Court has since dismissed, relating to emotional distress and lost wages that he claims he suffered as a result of his wife being denied tenure.

On April 20, 2018, the Court granted, in part, Defendants' Motions to Dismiss ("MTD"). (MTD Order, ECF No. 146.) Most importantly, the Court dismissed all of Ross's claims for lack of standing. (*Id.* at 7–9.) On June 12, 2018, the Court denied Plaintiffs' Motion for Reconsideration of the Order granting Defendants' Motion to Dismiss, and entered judgment against Ross. (Reconsideration Order, ECF No. 185; Partial Judgment, ECF No. 186.) Defendants suspect Ross has been acting on Operstein's behalf throughout this case, and even after Ross was dismissed, despite not being an attorney.

With respect to Operstein, the Court dismissed the majority of her claims, but permitted her claims for: 1) violation of her constitutional rights as it relates to Majority Defendants,[1] in their personal and official capacities, terminating Operstein's employment despite her alleged lifetime contract and vested right to tenure; and 2) prospective injunctive relief against the Majority Defendants in their official capacities. The Court denied reconsideration of this ruling too. (ECF No. 185.)

On March 18, 2018, Plaintiff requested the Clerk to enter default against Defendant, Kamala D. Harris ("Harris"). (ECF No. 132.) The Clerk of Court entered default against Harris on March 19, 2018. (ECF No. 141.) On June 6, 2018, Harris moved to set aside the default ("Motion"). (Mem. in Supp. Mot. Set Aside ("Mot."), ECF Nos. 170, 172.) On June 18, 2018, Plaintiff opposed the Motion ("Opposition"),

---

[1] The Court previously defined the Majority Defendants to include Timothy P. White, Silas Abrego, John Beisner, Emily Bonney, Edmund G. Brown, Jr., James Busalacchi, Jane W. Carney, Jose Luis Cruz, Lana Dalley, Adam Day, Rebecca D. Eisen, Douglas Faigin, Debra S. Farar, Jean P. Firstenberg, Sheryl Fontaine, Jacqueline Frost, Juan Carlos Gallego, Lupe Garcia, Mildred Garcia, Lori Gentles, Shahin Ghazanshahi, Kristi Kanel, Lillian Kimbell, Judy King, Robert Koch, John Koegel, Philip Lee, Michael Loverude, Thelma Melendrez de Santa Ana, Stephen Mexal, Lou Monville, Hugo N. Morales, Franz Mueller, Gavin Newsom, John Nilon, Kim Norman, J. Lawrence Norton, Barry Pasternack, Steve Relyea, Colleen Regan, Anthony Rendon, Jill Rosenbaum, Patricia Schneider-Zioga, Monique Shay, Lateefah Simon, Steven Stepanek, Peter J. Taylor, Tom Torlakson, Ofir Turel, Framroze Virjee, and Angela Della Volpe.

and on June 21, 2018, Harris replied to Plaintiff's Opposition ("Reply"). (*See* Opp'n, ECF No. 195; *see also* Reply ECF No. 201.) For the reasons set forth below, the Court **GRANTS** Harris' Motion. (*See* Mot.)

## II. MOTION FOR RELIEF FROM DEFAULT

Harris asks the Court to set aside the entry of default so that she may properly defend the case. (*See* Mot.)

### A. LEGAL STANDARD

Federal Rule of Civil Procedure 55(c) gives a district court the discretion to set aside entry of default upon a showing of good cause. Fed. R. Civ. P. 55(c). In assessing whether good cause exists to set aside default, district courts look at three factors: (1) whether the plaintiff will be prejudiced; (2) whether culpable conduct of the defendant led to the default; and (3) whether the defendant has a meritorious defense. *See Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC. v. Huntington Rest. Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004).). Courts must also keep in mind that default judgments are "appropriate only in extreme circumstances" and cases should be decided on the merits whenever possible. *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

### B. ANALYSIS

The Court finds that good cause exists for setting aside entry of default. The Court will discuss each factor in turn.

1. <u>Plaintiff Will Not Be Prejudiced</u>

The first factor asks whether the plaintiff will be prejudiced by relieving the defendant from default. *Id.* at 463. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case. Rather, the standard is whether [plaintiff's] ability to pursue his claim will be hindered." *TCI Grp.*

*Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (amended on denial of reh'g and reh'g en banc (May 9, 2001)) (quoting *Falk*, 739 F.2d at 463) (quotations omitted).

Here, no facts suggest Plaintiff will be prejudiced by setting aside entry of default and allowing Harris to properly defend the case. "[M]erely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment." *TCI Grp. Life Ins. Plan*, 244 F.3d at 701. Therefore, the Court finds Plaintiff will not be prejudiced.

2. <u>Harris' Conduct Is Not Culpable</u>

The next factor asks whether Harris' conduct led to the default. *See id.* at 696. "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir.1988). "[I]n this context the term "intentionally" means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1092.

Plaintiff contends that Harris' conduct "fits the pattern where the defendant has determined that the service was defective, deliberately failed to respond to the complaint, and waited until the time for perfection of service would pass to request relief from entry of default." (Opp'n 10.) However, as Harris asserts, there is no evidence before the Court of culpable conduct by Harris. (Reply 3.) In fact, the Court finds that the reason Harris failed to plead was because she was not properly served pursuant to Fed. R. Civ. P. 4(e) or Cal. Code Civ. Proc. section 415.20.

        *i.    Improper Service pursuant to Fed. R. Civ. P. 4(e)(1), and Cal. Civ. Proc. § 415.20*

Plaintiff correctly contends that substitute service is expressly authorized by Fed. R. Civ. P. 4(e)(1) because service can be completed by following state law for serving

4

a summons in an action. (Opp'n 6.) Fed. R. Civ. P. 4(e)(1). California Code of Civil Procedure section 415.20 allows substituted service; however, Plaintiff erroneously relies on Section 415.20(a), which applies to corporations, joint stock companies or associations, unincorporated associations, and public entities, not individuals. Cal. Civ. Proc. § 415.20(a). *See Telebrands Corp. v. GMC Ware, Inc.*, No. CV1503121SJOJCX, 2016 WL 6237914, at *3 n. 2 (C.D. Cal. Apr. 5, 2016) ("California Code of Civil Procedure section 415.20(b) governs service on natural persons, such as individuals . . . [i]n contrast, section 415.20(a) applies only to corporate and non-corporate entities.") (citations omitted). Instead, Section 415.20(b) applies to this case because Harris is a natural person. Cal. Civ. Proc. § 415.20(b).

Substituted service on a natural person, pursuant to Section 415.20(b), requires a showing that personal service was attempted with "reasonable diligence." *Bd. of Trustees of Leland Stanford Junior Univ. v. Ham*, 216 Cal. App. 4th 330, 337 (2013) (citation omitted) ("Indeed, in order to avail oneself of substituted service under section 415.20, '[t]wo or three attempts to personally serve a defendant at a proper place ordinarily qualifies as 'reasonable diligence.''"). Here, Plaintiff does not provide a declaration of diligence showing that Plaintiff previously attempted to personally serve Harris on multiple occasions. (ECF No. 124–1.) Therefore, the proof of service does not show that Harris was properly served. *See Mentzer v. Vaikutyte*, No. CV 16-1687 DMG (SS), 2018 WL 1684340, at *6 (C.D. Cal. Feb. 26, 2018): *see also McKinney v. Apollo Group, Inc.*, 2008 WL 5179110 at *4 (S.D. Cal. Dec. 10, 2008) ("Although Plaintiff asserts that the summons and complaint were mailed to the Individual Defendants' usual place of business and signed for and accepted at the Individual Defendants' usual place of business, this is insufficient to properly effect service of process."). Thus, service was improper pursuant to Fed. R. Civ. P. 4(e)(1), and Cal. Civ. Proc. section 415.20.

///

///

*ii. Improper Service pursuant to Fed. R. Civ. P. 4(e)(2)*

Federal Rule Civil Procedure 4(e)(2) states that service is proper by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4. Plaintiff claims that she served Harris' authorized agent, Josh Wodka. Harris' statement, further corroborated by Julie C. Rodriguez's Declaration, demonstrates that Wodka was not authorized to receive service of process. (*See* Mot. 6; Rodriguez Decl., ECF Nos. 170, 172.) Although Plaintiff argues that Rodriguez's Declaration is not sufficient to establish that Wodka was not an authorized agent, the Court finds that the Declaration, made under penalty of perjury, is sufficient. Rodriguez sets forth her qualifications as State Director to U.S. Senator Harris, and that she is "familiar with the identities and titles of the persons currently employed on the personal staff" of Harris. (Rodriguez Decl. ¶ 2.) Therefore, because Wodka was not an authorized agent, service pursuant to Fed. R. Civ. P. 4(e)(2) was also improper.

Plaintiff's service attempt is invalid for failing to adhere to Fed. R. Civ. P. 4(e) and Cal. Code Civ. Proc. section 415.20, therefore the Court need not analyze Harris' other assertions for improper service.

3. <u>Harris Has A Meritorious Defense</u>

The last factor asks whether Harris has a meritorious defense. *See TCI Grp. Life Ins. Plan*, 244 F.3d at 699. The standard required to satisfy this factor is to "allege sufficient facts that, if true, would constitute a defense." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010). Here, Harris has a meritorious defense, as discussed further below.

Therefore, the Court, having considered the papers filed in support of and in opposition of the Motion, finds that there is good cause to relieve Harris from default. Accordingly, the Court **GRANTS** Harris' Motion for Relief from Default, and orders the Clerk to relieve Harris from default.[2]

### III.    DISMISAL OF CLAIMS AGAINST HARRIS

"A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). A court may dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Harris states that the substance of Plaintiff's allegations against current Attorney General Xavier Becerra ("Becerra") are identical to those against Harris, and therefore, Harris has the same defense that was raised by Becerra. (Mot. 7.) The Second Amended Complaint ("SAC") states that Harris and Becerra are "sued in [sic] personal capacity for failure to prevent conspiracy to deny [P]lantiff[']s access to courts and obstruct justice by submission of perjurious declarations to state and federal courts, allowing [their] subordinates to argue said in [their] name and on [their] behalf in the courts, and for resulting monetary damages."[3] (SAC ¶ 34–35, ECF No. 102.)

As described in the Court's Order granting certain defendants' motion to dismiss (ECF No. 146), an attorney general or deputy attorney general has absolute immunity, except for "any actions that are wholly unrelated to or outside of their official duties." *Bly-Magee v. California*, 236 F.3d 1014, 1016 (9th Cir. 2001); *see also Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (government lawyers absolutely immune

---

[2] Plaintiff claims that if Harris is relieved from default on the basis of improper service, "leave to perfect the service shall be granted to [P]laintiffs to prevent prejudice from the grant of relief of default." (Opp'n 10, citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1348-49 (5th Cir. 1992) (finding that the plaintiff showed good cause for not filing the complaint within the time period for service because he acted in good faith). However, the Court declines to grant leave to perfect service because the Court dismisses Operstein's claims against Harris for the reasons discussed below.

[3] Plaintiff's allegations against Becerra included a request for injunctive relief. (SAC ¶ 35.)

for actions "intimately" or "closely" associated with judicial process). "Whether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or agency hearing, absolute immunity is necessary to assure that . . . advocates . . . can perform their respective functions without harassment or intimidation." *Fry*, 939 F.2d at 837 (citation omitted).

Here, as in Becerra's case, Plaintiff's claims against Harris are directly related to her representation of defendants in this action, and the defendants in Plaintiff's concurrent state-court action. (SAC ¶¶ 33–35.) Plaintiff's claims rely on the theory that Harris conspired to prevent Plaintiff's access to the courts. (*Id.*) Accordingly, the Court **DISMISSES** Plaintiff's claims against Harris with prejudice because Plaintiff could not possibly cure this deficiency. *See Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citing *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962)) (holding that court may dismiss claims without leave when "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

### IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Harris' Motion to Set Aside Default and **DISMISSES** the claims against Harris with prejudice.

**IT IS SO ORDERED.**

July 24, 2018

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**